**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4194**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIE JAMES, a/k/a Mutcey,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Florence.  C. Weston Houck, Senior District Judge.  (CR-02-148)

---

Submitted:  June 9, 2006              Decided:  July 3, 2006

---

Before GREGORY, SHEDD, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Henry M. Anderson, Jr., ANDERSON LAW FIRM, PA, Florence, South Carolina, for Appellant. Jonathan S. Gasser, United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Willie James pled guilty to one count of possession with intent to distribute and distribution of five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000). The district court determined James was responsible for 2.5 kilograms of cocaine base, and sentenced him to 188 months' imprisonment. We affirm James's sentence.[*]

The sole issue James raises on appeal is the contention he should be resentenced in light of United States v. Booker, 543 U.S. 220 (2005), because the district court based his offense level on a drug weight that was neither admitted by him nor found by a jury beyond a reasonable doubt. As James raises this issue for the first time on appeal, review is for plain error. See United States v. Evans, 416 F.3d 298, 300 (4th Cir. 2005). To establish that a Sixth Amendment error occurred during sentencing, a defendant must show that the district court imposed a sentence exceeding the maximum allowed based only on the facts to which he admitted. Id. "Admissions may take a variety of forms, including guilty pleas and stipulations, a defendant's own statements in open court, and representations by counsel." United States v. Revels, ___F.3d___, 2006 WL 1134148, at *2 (4th Cir. May 1, 2006) (No. 05-4142) (internal citations omitted).

---

[*]This appeal was placed in abeyance pending the issuance of United States v. Jones, No. 03-4489, 2006 WL 1328699 (4th Cir. May 16, 2006) (unpublished).

At sentencing, counsel represented that James "did not disagree with the total weight which was computed in the presentence report," but rather that James disagreed with the specific dates on which drug transactions occurred. Any issues involving specific dates were resolved, and counsel withdrew his objections to the presentence report. Consequently, James was assigned an offense level based on the drug weight specified in the presentence report. Like the representation made in <u>Jones</u>, counsel's assertion that James did not disagree with the total weight computed served as the "functional equivalent" of adopting the factual basis for sentencing. See <u>Jones</u>, 2006 WL 1328699, at *3; <u>see also</u> <u>Revels</u>, 2006 WL 1134148, at *2. Therefore, we conclude judicial factfinding was not required and there was no Sixth Amendment error.

Accordingly, we affirm James's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>